

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| | § | |
| **VS.** | § | **CASE NO. 1:07-CR-191** |
| | § | |
| **ROBERT TYRONE GREEN** | § | |

**FINDINGS OF FACT AND RECOMMENDATION ON GUILTY PLEA**
**BEFORE THE UNITED STATES MAGISTRATE JUDGE**

The District Court referred this matter to the undersigned United States Magistrate Judge for administration of a guilty plea and allocution under Rules 11 and 32 of the Federal Rules of Criminal Procedure. Magistrates have the statutory authority to conduct a felony guilty plea proceeding as an "additional duty" pursuant to 28 U.S.C. § 636(b)(3).  *United States v. Bolivar-Munoz*, 313 F.3d 253, 255 (5th Cir. 2002), *cert. denied,* 123 S. Ct. 1642 (2003).

On December 18, 2007, this cause came before the undersigned United States Magistrate Judge for entry of a guilty plea by the Defendant, Robert Tyrone Green, on **Count 2** of the charging **Indictment** filed in this cause.  Count 2 of the Indictment charges that on or about August 25, 2007, in the Eastern District of Texas, Robert Tyrone Green, Defendant herein, while being under indictment for a crime punishable by imprisonment for a term exceeding one year;

1

to wit:  Evading Arrest or Detention (Vehicle), a state jail felony, in Cause Number CR25992, in the 253rd Judicial District Court of Liberty County, Texas, by true bill dated July 12, 2006, and Tampering with Physical Evidence, a felony, in Cause Number CR26239, in the 253rd Judicial District Court of Liberty County, Texas, by true bill dated November 29, 2006, did willfully and knowingly receive a firearm, to-wit:   one (1) Glock, Model 19, 9 millimeter caliber handgun, bearing serial number GCW131, after its having been shipped and transported in interstate and foreign commerce, in violation of Title 18, United States Code, Section 922(n).

Defendant, Robert Tyrone Green, entered a plea of guilty to Count 2 of the Indictment into the record at the hearing.

After conducting the proceeding in the form and manner prescribed by Federal Rule of Criminal Procedure 11 the Court finds:

a.       That Defendant, after consultation with counsel of record, has knowingly, freely and voluntarily consented to the administration of the guilty plea in this cause by a United States Magistrate Judge in the Eastern District of Texas subject to a final approval and imposition of sentence by the District Court.

b.       That Defendant and the Government have entered into a plea agreement which was disclosed and addressed in open court, entered into the record, and placed under seal.

c.       That Defendant is fully competent and capable of entering an informed plea, that Defendant is aware of the nature of the charges and the consequences of the plea, and that the plea of guilty is a knowing, voluntary and freely made plea.  Upon addressing the Defendant personally in open court, the Court determines that Defendant's plea is voluntary and did not

2

result from force, threats or promises.  *See* FED. R. CRIM. P. 11(b)(2).

      d.      That Defendant's knowing, voluntary and freely made plea is supported by an independent factual basis establishing each of the essential elements of the offense and Defendant realizes that his conduct falls within the definition of the crime charged under 18 U.S.C. § 922(n)

## STATEMENT OF REASONS

As factual support for Defendant's guilty plea, the Government presented the following evidence, which was admitted into the record at the plea hearing.  *See Factual Basis and Stipulation.*  If the case proceeded to trial, the Government and Defendant agreed and stipulated to the information set forth in the factual basis which would be used by the Government in support of the Defendant's plea of guilty.  The Government and Defendant agreed that Robert Tyrone Green is one and the same person charged in the Indictment and that the events described in the Indictment occurred in the Eastern District of Texas and elsewhere.  The Government and Defendant agreed that the Government would have proven, through the testimony of witnesses and through admissible exhibits, beyond a reasonable doubt, each and every essential element of the offense alleged; specifically, the Government would have proven the following stipulated facts:

Cleveland, Texas, Police Department Detective Scott Felts would testify that he was contacted by a citizen in reference to a stolen firearm.  Detective Felts was told, and the citizen would testify, that he was a local and that his pistol, a Glock 9 millimeter caliber pistol, more particularly described in the Indictment, had been stolen from his vehicle and he believed that

Defendant Robert Tyrone Green had stolen it, as he had been in the victim's vehicle.  Detective Felts would testify that through use of his investigative techniques Defendant Green was contacted, and the stolen firearm was recovered, together with 15 rounds of ammunition.  He would also testify that the date of Defendant's theft and receipt of the firearm was subsequent to the Defendant's having been placed under indictment for the felony offenses listed in the Indictment.

Bureau of Alcohol, Tobacco, Firearms and Explosives Special Agent Joel Jauregui, Jr., would testify that he is qualified as an expert in the field of determining the interstate nexus of firearms and ammunition, and, based on his examination of the firearm and ammunition in this case, each were manufactured outside the state of Texas, and within another state, and therefore had traveled in interstate commerce as defined by statute.

Jefferson County Forensic Investigator James LeBlanc, a qualified fingerprint examiner or other witness with knowledge would testify that Defendant is one and the same individual, who, at the time the conduct described in Count 2 of the Indictment, was under felony indictment for Evading Arrest or Detention (Vehicle), a state jail felony, in Cause Number CR25992, in the 253rd Judicial District Court of Liberty County, Texas, by true bill dated July 12, 2006, and Tampering with Physical Evidence, a felony, in Cause Number CR26239, in the 253rd Judicial District Court of Liberty County, Texas, by true bill dated November 29, 2006, as set forth in Count 2 of the Indictment herein.

Defendant, Robert Tyrone Green, agreed with the above-stated facts and signed the *Factual Basis.* Counsel for Defendant and the Government attested to Defendant's competency

4

and capability to enter an informed plea of guilty.  The Defendant agreed with the evidence presented by the Government and personally testified that he was entering his guilty plea knowingly, freely and voluntarily.

## RECOMMENDED DISPOSITION

**IT IS THEREFORE** the recommendation of the undersigned United States Magistrate Judge that the District Court accept the Guilty Plea of Defendant which the undersigned determines to be supported by an independent factual basis establishing each of the essential elements of the offense charged in **Count 2** of the charging **Indictment** on file in this criminal proceeding.  The Court also recommends that the District Court conditionally accept the plea agreement.[1]  Accordingly, it is further recommended that, Defendant, Robert Tyrone Green, be finally adjudged as guilty of the charged offense under Title 18, United States Code, Section 922(n).

Defendant is ordered to report to the United States Probation Department for the preparation of a presentence report.  At the plea hearing, the Court admonished the Defendant

---

[1] "(3) Judicial Consideration of a Plea Agreement.
(A) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the court may accept the agreement, reject it, or defer a decision until the court has reviewed the presentence report.
(B) To the extent the plea agreement is of the type specified in Rule 11(c)(1)(B), the court must advise the defendant that the defendant has no right to withdraw the plea if the court does not follow the recommendation or request.
(4) Accepting a Plea Agreement. If the court accepts the plea agreement, it must inform the defendant that to the extent the plea agreement is of the type specified in Rule 11(c)(1)(A) or (C), the agreed disposition will be included in the judgment.
(5) Rejecting a Plea Agreement. If the court rejects a plea agreement containing provisions of the type specified in Rule 11(c)(1)(A) or (C), the court must do the following on the record and in open court (or, for good cause, in camera):
(A) inform the parties that the court rejects the plea agreement;
(B) advise the defendant personally that the court is not required to follow the plea agreement and give the defendant an opportunity to withdraw the plea; and
(C) advise the defendant personally that if the plea is not withdrawn, the court may dispose of the case less favorably toward the defendant than the plea agreement contemplated." FED. CRIM. P. 11(c)(3)-(5).

that the District Court may reject his plea and that the District Court can decline to sentence Defendant in accordance with the plea agreement, the federal sentencing guidelines and/or the presentence report because the sentencing guidelines are advisory in nature.  The District Court may defer its decision to accept or reject the plea agreement until there has been an opportunity to consider the presentence report.  *See* FED. R. CRIM. P. 11(c)(3).  If the Court rejects the plea agreement, the Court will advise Defendant in open court that it is not bound by the plea agreement and Defendant may have the opportunity to withdraw his guilty plea, dependent upon the type of the plea agreement.  *See* FED. R. CRIM. P. 11(c)(3)(B).  If the plea agreement is rejected and Defendant still persists in the guilty plea, the disposition of the case may be less favorable to Defendant than that contemplated by the plea agreement.  Defendant has the right to allocute before the District Court before imposition of sentence.

## OBJECTIONS

Within ten (10) days after receipt of this report, any party may serve and file written objections to the report and recommendation of the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(C).  Failure to file written objections to the proposed findings of facts, conclusions of law and recommendations contained within this report within ten (10) days after service shall bar an aggrieved party from *de novo* review by the District Judge of the proposed findings, conclusions and  recommendations, and from  appellate review of factual findings and legal conclusions accepted by the District Court except on grounds of plain error.  *Douglass v. United Serv. Auto. Ass'n.,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*); 28 U.S.C. § 636(b)(1).  The constitutional safeguards afforded by Congress and the courts require that, when a party takes

advantage of his right to object to a magistrate's findings or recommendation,  a district judge must exercise its nondelegable authority by considering the actual evidence and not merely by reviewing and blindly adopting the magistrate's report and recommendation.  *See Hernandez v. Estelle,* 711 F.2d 619, 620 (5th Cir. 1983); *United States v. Elsoffer*, 644 F.2d 357, 359 (5th Cir. 1981) (per curiam).

**SIGNED this the 19th day of December, 2007.**

KEITH F. GIBLIN
UNITED STATES MAGISTRATE JUDGE